**WO**

**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fernando Gastelum, | No. CV-18-01922-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| ESA Properties LLC, | |
| Defendant. | |

This matter is before the Court upon its own review. This case is one of twenty-two cases before the Court brought by Fernando Gastelum ("Mr. Gastelum" or "Plaintiff") against various hotels for alleged ADA violations.[1] Plaintiff has filed over

---

[1] Cases assigned to this Court include the following: *Gastelum v. Vedanta Resources LLC*, No. 17-cv-02623-PHX-DJH (D. Ariz. filed August 6, 2017); *Gastelum v. Metro Hospitality LLC*, No. 17-cv-02704-PHX-DJH (D. Ariz. filed August 10, 2017); *Gastelum v. Summit Hotel OP Limited Partnership*, No. 17-cv-02888-PHX-DJH (D. Ariz. filed August 27, 2017); *Gastelum v. H & A Group LLC*, No. 17-cv-03235-PHX-DJH (D. Ariz. filed September 19, 2017); *Gastelum v. MMP Deer Valley Incorporated*, No. 17-cv-03534-PHX-DJH (D. Ariz. filed October 5, 2017); *Gastelum v. PCH North Phoenix LLC*, No. 17-cv-03627-PHX-DJH (D. Ariz. filed October 10, 2017); *Gastelum v. SH Holdings LLC*, No. 17-cv-04081-PHX-DJH (D. Ariz. filed November 4, 2017); *Gastelum v. Chandler & Kyrene Hotel Group LLC*, No. 17-cv-04089-PHX-DJH (D. Ariz. filed November 6, 2017); *Gastelum v. JC Hotel Management LLC*, No. 17-cv-04542-PHX-DJH (D. Ariz. filed November 11, 2017); *Gastelum v. Midtown Hotel Group LLC*, No. 17-cv-04542-PHX-DJH (D. Ariz. filed December 7, 2017); *Gastelum v. Day & Sam Incorporated*, No. 17-cv-04728-PHX-DJH (D. Ariz. filed December 21, 2017); *Gastelum v. Gurkripa Hotel Group LLC*, No. 18-cv-0943-PHX-DJH (D. Ariz. filed March 27,

100 nearly mirror-image cases in this District against hotels in the greater Phoenix area. In one such case, Judge G. Murray Snow granted Defendant's motion to dismiss the case, holding that Mr. Gastelum failed to show an injury-in-fact or a likelihood of future injury, and therefore that he lacked Article III standing to bring the suit. *See Gastelum v. Canyon Hospitality LLC*, No. 17-cv-02792-PHX-GMS (D. Ariz. filed August 18, 2017) at Doc. 42 (hereafter "GMS Order"). As part of that decision, Judge Snow dismissed eight other actions in which Mr. Gastelum was the Plaintiff on the basis of lack of Article III standing. Mr. Gastelum has appealed that decision to the Ninth Circuit Court of Appeals. *Gastelum v. Canyon Hospitality LLC*, No. 18-16032 (9th Cir. filed June 5, 2018) at Docs. 44 and 48 (hereafter "Appeals"). On June 14, 2018, this Court stayed all of the cases before it pending the Ninth Circuit's decision in *Canyon Hospitality*. *See Gastelum v. Vendanta Resources LLC*, No. 17-cv-02623-PHX-DJH (D. Ariz. filed August 6, 2017) at Doc. 60 (hereafter "Stay Order").

For reasons stated herein, the Court, in its discretion, will also stay this proceeding pending the outcome of the appeal from the *Gastelum v. Canyon Hospitality LLC* decision by Judge G. Murray Snow.

**I.    Legal Authority**

District courts have the inherent power to manage their dockets and stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Clinton v. Jones*, 520

---

2018); *Gastelum v. MCRT Tempe LLC*, No. 18-cv-01101-PHX-DJH (D. Ariz. filed April 11, 2018); *Gastelum v. Bel Aire Hospitality LLC*, No. 17-cv-03184-PHX-DJH (D. Ariz. filed September 14, 2017); *Gastelum v. Champion Hotel Investment of Phoenix LLC*, No. 17-cv-03834-PHX-DJH (D. Ariz. filed October 19, 2017); *Gastelum v. 3600 North Second Avenue Holdings LLC*, No. 17-cv-04379-PHX-DJH (D. Ariz. filed November 29, 2017); *Gastelum v. VRE Holding II LLC*, No. 18-cv-0747-PHX-DJH (D. Ariz. filed March 7, 2018); *Gastelum v. Drury Development Corporation*, No. 18-cv-01035-PHX-DJH (D. Ariz. filed April 3, 2018); *Gastelum v. 3XM LLC et al*, No. 18-cv-01725-PHX-DJH (D. Ariz. filed June 5, 2018); *Gastelum v. Gosai and Grandsons LLC*, No. 18-cv-01816-PHX-DJH (D. Ariz. filed June 11, 2018); *Gastelum v. ESA Properties LLC*, No. 18-cv-01922 (D. Ariz. filed June 19, 2018); *Gastelum v. JPO 66 LLC*, No. 18-cv-0210 (D. Ariz. filed June 26, 2018).

U.S. 681, 706–707 (1997); *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1109 (9th Cir. 2005). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. The inherent power to stay includes ordering a stay "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd*., 593 F.2d 857, 863 (9th Cir. 1979).

Where a stay is considered pending the resolution of another action, the court need not find that two cases possess identical issues; a finding that the issues are substantially similar is sufficient to support a stay. *See Landis*, 299 U.S. at 254. The Ninth Circuit has held that in determining whether a stay of a pending proceeding is appropriate based upon the existence of other similar proceedings, a district court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay...." *Lockyer*, 398 F.3d at 1110. The competing interests to be considered are: the possible damage that may result from the granting of a stay; the hardship that the party seeking the stay may suffer by being required to go forward; and the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*.

**II. Analysis**

As this Court previously noted, nearly all of the cases filed by Mr. Gastelum before this Court, including this one, present the same boilerplate language, alleging nearly identical types of ADA violations, and concern the same Plaintiff. In addition to these actions being similar to each other, this action is substantially similar in nature to the cases that have dismissed for lack of Article III standing by Judge Snow, and are currently on appeal to the Ninth Circuit. (*See* Doc. 42, GMS Order and Docs. 44 & 48, Appeals).

The complaints that Plaintiff has filed in this Court since Judge Snow dismissed the *Canyon Hospitality* complaint contain new allegations that purport to bolster his standing to bring suit. (*See e.g.*, Doc. 1 at ¶16(a)-(h); *see also Gastelum v. JPO 66 LLC*,

No. 18-cv-0210 (D. Ariz. filed June 26, 2018) at Doc. 1). For example, Plaintiff alleges that "Plaintiff intends to return to Defendant's [public place of accommodation]. Plaintiff demonstrates his intent to return Defendant's noncompliant accommodation at a specific time when the Defendant's noncompliant accommodation becomes fully compliant." (*Id.* ¶ 16). Plaintiff then goes on to offer a list of "non-exclusive facts and activities that bring Plaintiff to the Phoenix Metropolitan Area…" (Doc. 1 at ¶ 16(b)). The Court finds that these additional allegations do not diminish the need for a stay of this case and in fact were points that Judge Snow found insufficiently established Mr. Gastelum's standing in the *Canyon Hospitality* matter. (*See* GMS Order at 6:25-7:3 ("[Plaintiff] has offered no sufficiently persuasive reason to believe that he would revisit the facility, or any other facility in the cases for which the hearing was noted, except to the extent that such a revisitation or an avowal of willingness to revisit would be necessary to maintain standing to obtain injunctive relief"). The Court therefore finds that the issues presented in this case remain substantially similar to the other cases before it, and specifically, that a decision by the Ninth Circuit in the *Canyon Hospitality* case will directly impact whether the Plaintiff has standing in this Court. *See Landis*, 299 U.S. at 254.

Moreover, the Court also finds that the *Lockyer* factors continue to weigh in favor of a stay. The Court can see no damage to either party that will result from staying this proceeding. There is no urgency in deciding the present case, as Plaintiff is currently litigating an appeal in at least nine cases with substantially similar factual allegations. Moreover, the most compelling factor to consider in determining whether to stay these proceedings is the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962). Plaintiff filed a Notice of Service on Defendant ESA Properties LLC ("Defendant") on July 3, 2018. (Doc. 6). Defendant has yet to respond or answer. The prospect—however uncertain—of the parties and Court engaging in costly litigation and expending of significant judicial resources, only to have the Ninth Circuit affirm the finding of lack of Article III standing,

warrants a stay of this proceeding. Thus, the Court finds it to be in the interest of efficiency and judicial economy to stay these proceedings pending the Ninth Circuit's decision in the *Canyon Hospitality* matter.

Accordingly,

**IT IS HEREBY ORDERED** that this proceeding is **STAYED** pending the appeal in *Gastelum v. Canyon Hospitality LLC*, No. 17-cv-02792-PHX-GMS (D. Ariz. filed August 18, 2017).

**Dated** this 10th day of July, 2018.

Honorable Diane J. Humetewa
United States District Judge